UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANTONIO DONGHIA,

            Plaintiff,

-vs-

JONATHAN REYES, JOHN DOES 1-V,
sued in their individual capacities,

           Defendants.
-------------------------------------------------------X

**COMPLAINT**
Jury trial demanded

**13 CV 2209**

## I INTRODUCTION

1. Plaintiff Antonio Donghia brings this action to enforce his rights under the United States Constitution. On September 16, 2012, defendants – City of Middletown police officers – subjected plaintiff to the use of excessive force and falsely arrested him without probable cause. Defendants also subjected plaintiff to malicious prosecution. The excessive force included the use of a Taser. As a consequence of defendants' unlawful conduct, plaintiff has suffered significant pain and suffering, requiring hospitalization.

## II PARTIES

2. Plaintiff is a 25 year-old man who lives in Pine Bush, New York, within this judicial district.

3. Defendants are City of Middletown police officers. These state actors are sued in their individual capacity.

## III JURISDICTION AND VENUE

4. As plaintiff brings this action to enforce the U.S. Constitution, this Court has

jurisdiction under 28 U.S.C. § 1331 and 1343(3) & (4) and 42 U.S.C. §§ 1983 and 1988.

5. As the events giving rise to this action took place in the City of Middletown, County of Orange, this case is properly venued in the Southern District of New York.

## IV FACTUAL ALLEGATIONS

6. In the early morning hours of September 16, 2012, plaintiff went to the Empty Bottle bar on West Main Street in the City of Middletown, New York.

7. When plaintiff arrived at the bar, someone hit him in the head with a bottle. Plaintiff immediately left the building. A City of Middletown Police Officer approached plaintiff and said that he would look for his assailant.

8. As plaintiff walked further down the street, another police officer, John Doe I, approached plaintiff and told him to place his hands against the wall. Plaintiff objected to the search and said that he had done nothing wrong and that he had been assaulted in the bar only moments earlier. John Doe I told plaintiff to "shut the fuck up."

9. Plaintiff complied with John Doe I's command and placed his hands against the wall. When plaintiff continued to ask why he was being treated this way, John Doe I told plaintiff to shut up or he would be Tasered. When plaintiff said this was "ridiculous," John Doe I threw him to the ground, face down. The remaining John Doe defendants held plaintiff on the ground as his face was pressed into the street.

10. Plaintiff suffered substantial pain throughout his body when John Doe I threw him to the ground. He further suffered pain and great discomfort when his face was pressed into the concrete as the other officers held him to the ground and pushed his face into the asphalt as plaintiff pleaded with them to stop. One officer pressed his knee to plaintiff's head to prevent him from getting up.

11. Defendants had no justification for throwing plaintiff to the ground. Nor did they have any justification for pressing his face into the concrete.

12. As defendants held plaintiff to the ground, one or more defendants applied a Taser device to his body, causing plaintiff to suffer excruciating pain. Plaintiff was Tased two or three times.

13. Defendants subjected plaintiff to this excessive force in the presence of various witnesses, including Ashley Garrison.

14. Defendants had no justification for Tasing plaintiff, who was being held to the ground face-down with his hands behind his back. Plaintiff was therefore in no position to attack the officers or resist arrest.

15. As a consequence of the excessive force against plaintiff, defendants fractured his hand and caused him to suffer abrasions on his face.

16. As he suffered physical injuries as a result of defendants' excessive use of force, at plaintiff's request, defendants transported him to the hospital. Defendant Jonathan Reyes, a City of Middletown Police Officer, told plaintiff that he had no choice but to charge plaintiff with resisting arrest because he requested to go to the hospital.

17. Reyes charged plaintiff with disorderly conduct in violation of Penal Law § 240.20(2), Reyes alleged that plaintiff yelled to him "fuck you" when Reyes tried to interview plaintiff "in regards to a fight which occurred at [28-30 West Main Street, Middletown, N.Y.]. Your deponent advised the defendant to lower his voice when he again stated 'fuck youz.' [sic]. This caused other patrons standing outside 28 West Main St. to step away in case the altercation escalated. This caused an inconvenience annoyance and alarm [sic] to patrons who were attempting to return to their vehicles in the parking lot."

18. Reyes also charged plaintiff with resisting arrest in violation of Penal Law § 205.30. This charge was not supported by probable cause.

19. The resisting arrest charge alleges that plaintiff tensed his muscles and attempted to square off against the police and then refused to place his hands behind his back. It further alleges that plaintiff fell to the ground and stiffened his legs making it difficult for the police to make a lawful arrest. As these allegations are false and plaintiff did not resist any arrest that day, Reyes lacked probable cause to charge plaintiff with this offense.

20. Reyes falsely arrested plaintiff in the presence of various witnesses, including Ashley Garrison.

21. On March 6, 2013, following a bench trial, a City of Middletown Judge found plaintiff guilty of disorderly conduct but not guilty of resisting arrest.

22. Plaintiff's arrest constituted malicious prosecution because Reyes lacked probable cause to prosecute him for resisting arrest and plaintiff's arrest on this charge was

therefore an act of malice. Plaintiff was fully exonerated in City of Middletown Court on this charge.

23. As plaintiff was required make multiple court appearances as a result of his charge of resisting arrest, his prosecution on this charge constituted a deprivation of liberty.

24. As a consequence of defendants' excessive force, plaintiff has suffered physical and emotional pain and suffering and humiliation.

25. As a consequence of defendant Reyes' false arrest and malicious prosecution, plaintiff has suffered emotional pain and suffering and humiliation.

## V CAUSES OF ACTION

26. Plaintiff incorporates the allegations in ¶¶ 1-25 as if fully restated herein.

27. In subjecting plaintiff to excessive force, defendants violated the Fourth and Fourteenth Amendments to the United States Constitution, as made actionable by 42 U.S.C. § 1983.

28. In falsely arresting plaintiff for resisting arrest without probable cause, defendant Reyes violated the Fourth and Fourteenth Amendments to the United States Constitution, as made actionable by 42 U.S.C. § 1983.

29. In maliciously prosecuting plaintiff for resisting arrest, defendant Reyes violated the Fourth and Fourteenth Amendments to the United States Constitution, as made actionable by 42 U.S.C. § 1983.

## VI PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this action;

b. empanel a jury to hear and decide this case;

c. award to plaintiff compensatory damages for the physical and mental pain and suffering sustained as a result of the excessive force and false arrest;

d. award to plaintiff punitive damages against defendants for their malicious and reckless violation of plaintiff's federally-protected rights;

e. award to plaintiff reasonable attorneys' fees and costs expended in litigating this action; and

f. award to plaintiff other relief deemed just and proper.

Dated:   April 7, 2013

Respectfully submitted,

*[signature]*

STEPHEN BERGSTEIN

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277 (ph)
(845) 469-5904 (fax)
Counsel for plaintiff
